MATTER OF BUSTILLOS-RUIZ

In EXCLUSION Proceedings

A-13040423

*Decided by Board October 26, 1962*

Where the rentention provisions of section 301(b) of the Immigration and Nationality Act can be met by an interpretation of section 16, Act of September 11, 1957, which permits the periods of permissible absence to be included in the computation of the required period of physical presence, as well as by an interpretation which requires the periods of absence to be compensated for by additional periods of physical presence, it is unnecessary to adopt one or the other of such interpretations in deciding the case. *cf. Matter of Bustillos-Ruiz*, Interim Decision #1243.

The Board of Immigration Appeals on August 7, 1962, entered an order directing the reopening of this case for the introduction of additional evidence on the issue of whether the applicant's physical presence in the United States has been sufficient for the retention of his United States citizenship acquired at birth (section 301(b) of the Immigration and Nationality Act, as amended by section 16 of Public law 85-316; 8 U.S.C. 1401(b) and 1401b). The order also directed that the case be certified to the Board for final decision pursuant to 8 CFR 3.1(c). The case is again before us following a reopened hearing accorded the applicant on September 5, 1962.

The applicant, a married male, 24 years of age, was born in Mexico on Jan. 2, 1938, of lawfully married parents, one of whom was a citizen of the United States, the other an alien. He applied for entry as a United States citizen at the port of El Paso, Texas on February 4, 1962. He was excluded as an alien not in possession of an immigration visa (section 212(a)(20), Immigration and Nationality Act, 8 U.S.C. 1182(a)(20)). The special inquiry officer concluded that the applicant had lost his United States citizenship by failing to establish a residence in the United States prior to his 23rd birthday and therefore required documentation to enter as an alien.

Our decision of August 7, 1962, rejected the special inquiry officer's interpretation of section 301(b), as amended, to wit: that in order for

the foreign-born child to retain citizenship acquired at birth he must enter the United States for permanent residence before attaining the age of 23 years, and shall thereafter be physically present in the United States for at least 5 years following any such entry prior to the age 23 and after age 14. We also rejected the special inquiry officer's interpretation that section 16 of Public Law 85–316 (*supra*) avails the applicant nothing because as a condition precedent to computing allowable absences from the United States the foreign-born citizen child must "take up residence in the United States" prior to his 23rd birthday.

The Board's decision of August 7, 1962, is based on our conclusion that it was the intent of Congress to eliminate the residential requirements for retention of citizenship formerly embodied in section 201(g) of the Immigration and Nationality Act of 1940 when they enacted section 301(b) of the Immigration and Nationality Act (*supra*). We reasoned that it would distort the retention provisions of the present Act if we were to equate such phrases as "must reside in the United States" and "has not taken up residence in the United States" the language used in the retention provisions of former section 201(g), with the phrases "he shall come to the United States" and "be continuously physically present in the United States" the language now found in the retention provisions of section 301(b) of the Immigration and Nationality Act.

Section 301(b) of the Immigration and Nationality Act provides in substance that a child born abroad to parents, one of whom is an alien, retains his United States citizenship provided he comes to the United States prior to attaining the age of 23 years and immediately following any such coming he is physically present in the United States for a continuous period of at least 5 years, which physical presence must follow the attainment of 14 years and precede the age of 28 years. The amendment to section 301(b) permits absences from the United States of less than 12 months in the aggregate during the period for which continuous physical presence is required. A limited interpretation could construe that portion of the amendment which reads "during the period for which continuous physical presence in the United States is required" to mean that the foreign-born citizen must have a continuity of actual physical presence in the United States totaling 5 years prior to attaining the age of 28 years and this 5-year period must not be interrupted by total absences which aggregate 12 months or more (8 U.S.C. 1401b).

The aggregate of the applicant's absences from the United States between his 23rd birthday (January 2, 1961) and February 4, 1962, the date he applied for admission, totals 178½ days (see appendix A, Board's decision, August 7, 1962). Under the limited interpretation

125

of the statute and the amendment, the applicant must have a continuity of actual physical presence in the United States immediately preceding January 2, 1961 (23rd birthday) which will compensate for the 178½ days of absences noted above. Furthermore, after compensating for 178½ days of absences, the applicant, in order to establish actual presence in the United States for a continuous 5-year period which is not interrupted by total absences which aggregate 12 months or more, must establish that his absences have not exceeded 185½ days during any 5-year period running from a date certain prior to his 23rd birthday and ending on a date prior to his 28th birthday (January 2, 1966).

Appendix I attached to the special inquiry officer's opinion of September 20, 1962, is a computation of the applicant's physical presence in Mexico between April 1, 1959 and December 31, 1960. The computation shows that for the period September 16, 1959, through December 31, 1960, the applicant was physically present in Mexico for a total of 163$\frac{7}{12}$ days which is less than 185½ days of allowable absences for this period.

The applicant sought to enter the United States as a citizen on February 4, 1962. Between September 16, 1959, and 12:00 midnight on February 3, 1962, there is a span of 872 days or 2 years 4 months and 18 days. During this period the applicant has been absent from the United States for a total of 342$\frac{1}{12}$ days. Accordingly, if the applicant had been admitted as a citizen on February 4, 1962, it would have been mathematically possible for him to acquire a continuity of actual physical presence in the United States totaling 5 years prior to his 28th birthday because during the period September 16, 1959 through February 3, 1962, the total of his absences amount to some 22$\frac{11}{12}$ days less than one year (see Appendix I attached to the special inquiry officer's opinion).

Using September 16, 1959, as the beginning of the continuous 5-year period, the applicant has been physically present in the United States for a total of 1 year 5 months and 12 days as of February 4, 1962, the date he sought to enter. Accordingly, between September 16, 1959, and a date certain in September of 1965 the applicant can acquire a continuity of actual and potential physical presence in the United States totaling 5 years prior to attaining the age of 28 years and during this period the applicant may be absent from the United States for not more than 221$\frac{1}{12}$ days. Since the evidence now of record meets the test of continuous actual physical presence according to a limited interpretation of the statute as amended, we will affirm that portion of the special inquiry officer's decision which applies this test and the order admitting the applicant as a citizen of the United States.

Our decision of August 7, 1962, is based upon the premise that any foreign-born who acquired United States citizenship at birth pursuant to the provisions of section 301(a)(7) of the Immigration and Nationality Act (8 U.S.C. 1401(a)(7)) could retain the citizenship so acquired by coming to the United States prior to attaining the age of 23 years and following any such coming by being actually physically present in the United States for periods of time which have a continuity of 5 full years between his 14th and 28th birthdays. The permissible absences allowed by section 16 of Public Law 85–316 (*supra*) were not included in the computation of the required continuous 5-year period as "constructive presence."

The special inquiry officer is of the opinion that it was the intent of Congress to adopt the "constructive presence" theory when they enacted section 16 of Public Law 85–316. Section 16 reads in pertinent part "absences from the United States of less than 12 months in the aggregate, *during the period for which continuous physical presence in the United States is required*, shall not be considered to break the continuity of such physical presence" (emphasis supplied). The special inquiry officer maintains that the term "period" as used in the emphasized portion of section 16 (*supra*) refers to the period of 5 years of physical presence, rather than to the period between the ages of 14 and 28 years during which the 5 years of physical presence must occur. Under the special inquiry officer's theory any absences of less than 12 months within a continuous 5-year period would count as "constructive presence."

The applicant herein is admissible to the United States as a citizen under the limited interpretation of the "actual physical presence" requirements set forth in section 301(b) as amended by section 16 of Public Law 85–316 (*supra*). He is also admissible as a citizen under the "constructive physical presence" theory advocated by the special inquiry officer. Since a clear cut issue with regard to the "continuity of physical presence" theory vis a vis the "constructive physical presence" theory is not before us in this case we see no need to adopt either theory at this time. An appropriate order will be entered.

**ORDER:** It is directed that the order entered by the special inquiry officer on September 20, 1962 admitting the applicant as a citizen of the United States be and the same is hereby affirmed.